**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HASIN RAMADAN and DWIGHT GAMBLE, | ) | |
| Plaintiffs, | ) | Case No. |
| vs. | ) | |
| SERGEANT XAVIER ELIZONDO, Star No. 1340; OFFICER DAVID SALGADO, Star No. 16347; and CITY OF CHICAGO, | ) | Trial By Jury Demanded |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COME the Plaintiffs, Ms. Hasin Ramadan and Mr. Dwight Gamble, by and through their attorney, David S. Lipschultz, and in support of their Complaint at Law against the Defendants, Sergeant Xavier Elizondo, Star No. 1340; Officer David Salgado, Star No. 16347; and City of Chicago, states as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the United States Constitution; 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiffs, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

4. The Plaintiff, Ms. Hasin Ramadan ("Ms. Ramadan"), is a United States citizen and a resident of the City of Chicago, State of Illinois.

5. The Plaintiff, Mr. Dwight Gamble, ("Mr. Gamble") is a United States citizen and a resident of the City of Chicago, State of Illinois.

6. At all relevant times herein referenced, Defendant Sergeant Xavier Elizondo ("Sergeant Elizondo"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Sergeant Elizondo was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

7. At all relevant times herein referenced, Defendant Officer David Salgado ("Officer Salgado"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Salgado was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

8. At all relevant times herein referenced, Defendant, City of Chicago, was and remains a governmental entity formed pursuant to the laws of the State of Illinois. Sergeant Elizondo and Officer Salgado were employed by City of Chicago as sworn police officers, and at the time of the incident at issue were acting within the scope of their employment for City of Chicago and under color of law.

**INDICTMENT OF SERGEANT ELIZONDO AND OFFICER SALGADO**

9. On May 9, 2018, a federal grand jury indicted Sergeant Elizondo and Officer Salgado for lying to, and submitting false affidavits to, Cook County judges to obtain search

warrants, which the officers used to steal cash and drugs from properties they raided and individuals they arrested.

10. Those are the crimes the Defendants committed against the Plaintiffs.

## FACTUAL ALLEGATIONS

11. On November 7, 2017, Sergeant Elizondo and Officer Salgado coerced an alleged confidential informant, John Doe, an alias, to sign a false Complaint for Search Warrant and to testify falsely before a Cook County judge against the interests of Ms. Ramadan and Mr. Gamble. John Doe signed the false Complaint for Search Warrant and testified falsely before a Cook County judge the same day.

12. Officer Salgado provided false testimony to a Cook County Judge.

13. As a result of these false representations, a Cook County Judge signed a search warrant authorizing the search of Plaintiff Ramadan's residence at 4329 S. St. Lawrence Avenue, Chicago, Illinois and the search of Plaintiff Gamble.

14. On November 7, 2017, at approximately 9:00 p.m., Sergeant Elizondo, Officer Salgado and other Chicago Police Officers unlawfully entered and searched Ms. Ramadan's residence, and unlawfully detained Ms. Ramadan.

15. The officers then demolished the personal property located inside Ms. Ramadan's residence.

16. Sergeant Elizondo, Officer Salgado and other Chicago Police Officers stole over two thousand dollars from Ms. Ramadan's residence. These funds were not inventoried by the officers.

17. Shortly afterwards, Sergeant Elizondo, Officer Salgado and other Chicago Police Officers unlawfully searched and seized Mr. Gamble outside Ms. Ramadan's apartment building.

18. Sergeant Elizondo and Officer Salgado planted illegal drugs on Mr. Gamble.

19. Sergeant Elizondo and Officer Salgado arrested Mr. Gamble for crimes he did not commit.

20. As a result of these acts, Ms. Ramadan was unlawfully detained and Mr. Gamble was unlawfully arrested and imprisoned.

21. As a result of these acts, Ms. Ramadan, a Chicago Housing Authority Section 8 voucher holder, has been served notice of the termination of her tenancy in her residence. Her landlord is no longer accepting her rent payments and she was put on notice that she will be the subject of eviction proceedings. Her future participation in Section 8 housing programs is in danger.

22. As a result of these acts, Mr. Gamble was forced to defend himself against the false criminal charges with the assistance of legal counsel. The charges were ultimately dismissed by the Cook County State's Attorney's Office.

23. As a result of the misconduct of Sergeant Elizondo, Officer Salgado and other Chicago Police Officers, Ms. Ramadan and Mr. Gamble suffered loss of liberty, emotional anguish, monetary loss and expenses, and other damages.

## COUNT I
## SECTION 1983 FALSE ARREST/UNLAWFUL SEIZURE AGAINST SERGEANT XAVIER ELIZONDO AND OFFICER DAVID SALGADO

24. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 23.

25. Sergeant Elizondo and Officer Salgado did not have probable cause to arrest the Plaintiffs.

26. The actions of Sergeant Elizondo and Officer Salgado violated the Plaintiffs'

Fourth Amendment Rights, and were in violation of said rights protected by 42 U.S.C. §1983.

27. The Plaintiffs suffered damages.

WHEREFORE, the Plaintiffs, Hasin Ramadan and Dwight Gamble, pray for judgment against the Defendants, Sergeant Xavier Elizondo and Officer David Salgado, for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

**COUNT II**
**SECTION 1983 CONSPIRACY AGAINST**
**SERGEANT XAVIER ELIZONDO AND OFFICER DAVID SALGADO**

28. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 23.

29. Sergeant Elizondo and Officer Salgado conspired and agreed to use their police powers in an unlawful manner to unlawfully search and seize Ms. Ramadan and Mr. Gamble, to steal money from them, and to falsely arrest Mr. Gamble.

30. Sergeant Elizondo and Officer Salgado committed overt acts in furtherance of this conspiracy, which included fabricating evidence, providing false information in sworn reports, signing false criminal complaints, and providing perjured and false testimony in criminal proceedings against the interests of Ms. Ramadan and Mr. Gamble.

31. The actions of Sergeant Elizondo and Officer Salgado were committed intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiffs.

32. The Plaintiffs suffered damages.

WHEREFORE, the Plaintiffs, Hasin Ramadan and Dwight Gamble, pray for judgment against the Defendants, Sergeant Xavier Elizondo and Officer David Salgado, for compensatory

damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

**COUNT III**
**SECTION 1983 DEPRIVATION OF LIBERTY AGAINST SERGEANT XAVIER ELIZONDO AND OFFICER DAVID SALGADO**

33. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 23.

34. As a result of the misconduct of Sergeant Elizondo and Officer Salgado, the Plaintiffs were deprived of their liberty and suffered damages.

WHEREFORE, the Plaintiffs, Hasin Ramadan and Dwight Gamble, pray for judgment against the Defendants, Sergeant Xavier Elizondo and Officer David Salgado, for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

**COUNT IV**
***MONELL* CLAIMS AGAINST CITY OF CHICAGO**

35. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 34.

36. The U.S. Department of Justice stated in 2016 that the civil rights of Chicagoans have been routinely violated by officers of the Chicago Police Department for many years.

37. The mayor of Chicago has conceded that a code of silence exists within the Chicago Police Department that results in the failure to report police misconduct.

38. Sergeant Elizondo and Officer Salgado undertook a wide range of acts and omissions that should have been detected by their colleagues and their superiors.

39. Yet the City of Chicago instituted and enacted policies, procedures and customs

that covered up the misconduct committed by Sergeant Elizondo and Officer Salgado as alleged in the May 9, 2018 indictment against them and as alleged in this complaint.

40. Specifically, the City of Chicago maintained policies, practices and customs which resulted in the city's:

    a. Failure to properly supervise Sergeant Elizondo and Officer Salgado;

    b. Failure to properly supervise the use of confidential informants by Sergeant Elizondo and Officer Salgado;

    c. Failure to supervise Sergeant Elizondo and Officer Salgado's interactions with confidential informants;

    d. Failure to supervise the Complaints for Search Warrants executed by Sergeant Elizondo and Officer Salgado;

    e. Failure to supervise the execution of search warrants executed by Sergeant Elizondo and Officer Salgado;

    f. Failure to supervise the arrest reports and related documentation drafted by Sergeant Elizondo and Officer Salgado which would have revealed inconsistencies;

    g. Failure to properly and legitimately investigate the multiple complaints registered against Sergeant Elizondo and Officer Salgado by civilians over the course of many years; and,

    h. Failure to discipline Sergeant Elizondo and Officer Salgado.

41. These and other policies, practices and customs constituted a deliberate indifference by Defendant City of Chicago of police misconduct.

42. These and other policies, practices and customs caused the Plaintiffs' deprivation of civil rights as set forth in this complaint at law.

43. As a result of these and other failures by the City of Chicago, the Plaintiffs suffered damages.

WHEREFORE, the Plaintiffs, Hasin Ramadan and Dwight Gamble, pray for judgment against the Defendant, City of Chicago, for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

**COUNT V**
**ILLINOIS LAW CLAIM - INDEMNIFICATION**
**AGAINST CITY OF CHICAGO**

44. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 34.

45. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

46. At all times relevant to this incident, Sergeant Elizondo and Officer Salgado were employees of the City of Chicago, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiffs pray that should this Court enter judgment in their favor and against Sergeant Elizondo and Officer Salgado, the City of Chicago will be ordered to pay the Plaintiff any judgment for compensatory damages obtained against Sergeant Elizondo and Officer Salgado.

**JURY DEMAND**

Plaintiffs pray for trial by jury.

Respectfully submitted,

*/s/* David S. Lipschultz
David S. Lipschultz

David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Email: david@dsllawoffice.com